UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHOCTAW RACING SERVICES, LLC                                           PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:07CV-237-S

KENTUCKY HORSEMEN'S BENEVOLENT AND
PROTECTIVE ASSOCIATION, INC.                                           DEFENDANT

### MEMORANDUM OPINION

This matter is before the court for decision on the motion of the plaintiff, Choctaw Racing Services, LLC, to voluntarily dismiss the action (DN 18) and the motion of the defendant, Kentucky Horsemen's Benevolent and Protective Association, Inc. ("KHBPA"), for leave to file a counterclaim for declaratory judgment (DN 21).

This action was filed on May 2, 2007 by Choctaw Racing seeking an order of the court which would permit it to obtain the simulcast signal from Churchill Downs to simulcast the 2007 Kentucky Oaks and Kentucky Derby races at Choctaw's racetracks.  The contract with Churchill Downs required the consent of KHBPA, among other entities.  The complaint, filed two days prior to the running of the Kentucky Oaks, alleged that KHBPA had given its consent in prior years, but was withholding its consent for the 2007 races in order to force Choctaw Racing to pay more money into horse racing purses in Oklahoma.  Choctaw Racing sought injunctive relief, thus the matter proceeded to a hearing on a significantly abbreviated schedule.  The court heard testimony and argument of counsel on May 3, 2007 and denied the motion for a temporary restraining order on the ground that the so-called "horsemen's veto" of the Interstate Horseracing Act impliedly repealed the Sherman Act claims of the plaintiff, and therefore there had been no showing of a likelihood of success on the merits.  The Kentucky Oaks and Kentucky Derby were thus not simulcast by Choctaw Racing.

KHBPA then sought dismissal of the action. By agreement, the matter was stayed pending an opportunity for the parties to meet and attempt to resolve their difference, albeit after the Oaks and Derby races had been run. Unable to reach agreement, Choctaw Racing then moved to voluntarily dismiss the action. It states that it is unable to meet the demands of KHBPA that it pay the same percentage of the take into Oklahoma purses as non-tribal racing facilities due. On that basis, it determined that it would not pursue the litigation further, but rather forego simulcasting races from Churchill Downs. KHBPA opposed the motion to voluntarily dismiss and filed its motion for leave to file a counterclaim for declaratory judgment on the legal issue of the implied repeal of Sherman Act claims by the horsemen's veto. Such a declaration would not be responsive to any currently viable claim for relief by Choctaw Racing, their claims having become moot after the running of the Kentucky Derby.

The parties agree that *Grover v. Eli Lilly and Co.*, 33 F.3d 716 (6th Cir. 1994), sets out the considerations for dismissal of an action pursuant to Fed.R.Civ.P. 41(a). The court stated in that case:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice," as opposed to facing the mere prospect of a second lawsuit. [citations omitted]...In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant...

*Grover,* 33 F.3d at 718.

In urging that voluntary dismissal is not warranted, KHBPA urges that the result in the *Grover* case, reversal of the district court's order of dismissal without prejudice, should guide the court's decision here. However, the facts underlying the *Grover* decision differ significantly from

the facts at bar. In *Grover*, the case was litigated for five years before the plaintiffs requested certification of a question of law to the Ohio Supreme Court. The plaintiffs represented to the court that the resolution of the issue of law would be determinative of the case. The Ohio Supreme Court's answer to the certified question established that the plaintiffs had no cause of action for the injuries alleged in the federal diversity action. Despite the ruling on the certified question, the district court dismissed the actions without prejudice. In reversing, the court of appeals noted that a district court sitting in diversity is required to apply the law of the appropriate state as it has been determined by the highest court of that state. It then found that the state's interest in protecting sovereignty would be undermined were federal courts to ignore declarations of state law obtained through certification. Thus the district court was bound to follow state law as declared in the answer to the certified question and thus the defendant was entitled to dismissal with prejudice.

By contrast, we have an action that was filed a mere few days before the pivotal events. This court decided one day later that the plaintiff was not entitled to preliminary injunctive relief. The findings by this court on the element of the likelihood of success on the merits turned on an issue of federal law. That preliminary finding does not have the same preclusive effect on the claims here as did the Ohio Supreme Court's pronouncement of state law in the *Grover* case. The decision was, as stated, preliminary.

In the case at bar, a mere five months has passed since the filing of the action, during much of which the action was stayed pending settlement discussions. The claims in this action were viable for only two days. The fact that the parties agreed, after the claims were rendered moot, to continue exploring the points of dispute in an attempt to resolve the underlying disagreement does not support a finding of plain legal prejudice to the defendant.

> Federal courts are confined by Article III of the Constitution to deciding only actual cases and controversies. *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)...The constitutional standing inquiry has three elements. A litigant bears the burden of showing "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and

>that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.

*McInnis-Misenor v. Maine Medical Center*, 319 F.3d 63, 67 (1st Cir. 2003). "Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so. We presume that federal courts lack jurisdiction 'unless "the contrary appears affirmatively from the record."' *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 546, 106 S.Ct. 1326, 1334, 89 L.Ed.2d 501 (1986), quoting *King Bridge Co. v. Otoe County*, 120 U.S. 225, 226, 7 S.Ct. 552, 552, 30 L.Ed. 623 (1887)." *Benne v. Geary*, 501 U.S. 312, 316, 111 S.Ct. 2331, 2336, 115 L.Ed.2d 288 (1991). The court will not address further address legal questions in the case in the absence of a real case or controversy.

KHBPA did not seek to file its proposed counterclaim until after Choctaw racing had moved to voluntarily dismiss the action. This is an attempt at closing the barn door after the horses are out, so to speak. While KHBPA attempts to file its own claim for declaratory relief, it has no live controversy upon which to premise jurisdiction. KHBPA has no control over Choctaw Racing as Choctaw Racing does not currently seek, nor does it need to seek KHBPA's approval for its activities in Oklahoma. The leverage which KHBPA was able to wield over Choctaw Racing was event-specific. That is, KHBPA was able to control, and thus determined to deny Choctaw Racing the ability to obtain the Oaks and Derby simulcasts from Churchill Downs in Kentucky. These events are concluded and KHBPA has no ability to further affect the business of Choctaw Racing. Now, having effectively wielded the horsemen's veto in its defense against Choctaw Racing's demand for injunctive relief, KHBPA seeks a generalized advisory opinion concerning a point of law, urging that a declaratory judgment "will serve to clarify for 'horsemen's groups' throughout the United States their legal position under the IHA as it relates to the Sherman Antitrust Act and related laws." KHBPA Response Brief, p. 8. It urges that the issue is "capable of repetition yet evading review." KHBPA Reply Brief, p. 7. This principle is inapplicable herein. KHBPA is faced

with nothing more than the possibility of another lawsuit if (1) an out-of-state racetrack seeks to simulcast races run in Kentucky as to which the KHBPA has the power of disapproval, and (2) for some reason KHBPA withholds its approval of the simulcast, and (3) the out-of-state racetrack is unable to reach a resolution of the issue upon which the disapproval hinges, and (4) the racetrack seeks judicial intervention in the matter. This is clearly not a matter "capable of repetition yet evading review" to which this limited exception to the mootness doctrine would apply. *See, Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, (1969); *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)*; Southern Pacific Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 31 S.Ct. 279 (1991).

For the reasons set forth herein and the court being otherwise sufficiently advised, the motion of the defendant to file a counterclaim will be denied and the motion for voluntary dismissal of the action without prejudice will be granted, the plaintiff having agreed to pay the taxable costs of KHPBA, if any. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**